[Cite as *State v. Reeder*, 2021-Ohio-4558.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-21-08

      v.

CHADWICK T. REEDER,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-21-09

      v.

CHADWICK T. REEDER,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-21-10

      v.

CHADWICK T. REEDER,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR 2019 0247, CR 2019 0346 and CR 2019 0474**

**Judgments Affirmed**

**Date of Decision:   December 27, 2021**

**APPEARANCES:**

*Karin L. Coble* **for Appellant**

*Jana E. Emerick* **for Appellee**

**ZIMMERMAN, J.**

{¶1}   Defendant-appellant, Chadwick T. Reeder, ("Reeder") appeals his three convictions and sentences of the Allen County Common Pleas Court in case numbers CR 2019 0247, CR 2019 0346, and CR 2019 0474.  For the reasons that follow, we affirm.

{¶2}   In case number CR 2019 0247 ("0247" hereafter), the Allen County Grand Jury indicted Reeder as to events that occurred on September 14, 2017 through March 29, 2018 on the following criminal counts:  Count One of Trafficking in Hashish in violation of R.C. 2925.03(A)(1), (C)(7)(c), a third-degree felony; Count Two of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(a) and (b), a fourth-degree felony; Counts Three, Four, and Five of

Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), fourth-degree felonies; Count Six of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(a), a fifth-degree felony; Count Seven for Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(c), a fifth-degree felony; and Count Eight for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. (Case No. CR 2019 0247, Doc. No. 1). The indictment included firearm specifications under R.C. 2941.141(A) and specifications for forfeiture of guns, money, and property in a drug case under R.C. 2941.1417(A) as to Counts Seven and Eight.[1] (*Id.*).

{¶3} In case number CR 2019 0346 ("0346" hereafter), the Allen County Grand Jury indicted Reeder as to events that occurred on March 10, 2019 on the following five criminal counts: Count One for Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(g), a second-degree felony; Count Two for Possession of Marijuana in violation of R.C. 2925.11(A), (C)(3)(d), a third-degree felony; Count Three for Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(c), a fifth-degree felony; Count Four for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Five for Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(a), also a fifth-degree felony.

---

[1] The State was seeking the forfeiture of four different firearms, $23,408.00 in U.S. currency, and a security system. (Case No. CR 2019 0247, Doc. No. 1).

(Case No. CR 2019 0346, Doc. No. 1).  All the Counts in this indictment included a specification for money in a drug case under R.C. 2941.1417(A).[2]  (*Id.*).

{¶4}    In case number CR 2019 0474 (hereinafter "0474"), the Allen County Grand Jury indicted Reeder as to events that occurred on August 7, 2019 on a single count of Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(e), a third-degree felony, which included a specification of money in a drug case under R.C. 2941.1417(A).[3]  (Case No. CR 2019 0474, Doc. No. 1).

{¶5}    On November 21, 2019, Reeder entered pleas of guilty, under a negotiated plea agreement, in all three cases.  Specifically, in case number 0247, Reeder pleaded guilty to all eight counts in the indictment, to the firearm specifications in Counts Seven and Eight, and to the forfeiture specifications in Count Seven in exchange for the dismissal of seven specifications for the forfeitures of a gun, money, and property (in Count Eight).  In case number 0346, Reeder pleaded guilty to an amended Count One for Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(e), a third-degree felony, as well as the forfeiture specification in amended Count One, and all four remaining counts (as indicted) in exchange the dismissal of the specifications for the forfeitures of money in Counts Two, Three, Four, and Five.   And, in case number 0474, Reeder pleaded guilty to

---

[2] The State sought forfeiture of $3,060.00 in U.S. currency.  (Case No. CR 2019 0346, Doc. No. 1).
[3] The State was seeking to forfeit $2,044.00 in U.S. currency.  (Case No. CR 2019 0474, Doc. No. 1).

the charge of Possession of Hashish in violation of R.C. 2925.11(A), (C)(7)(e), a third-degree felony as well as the specification for the forfeiture of money.

{¶6} During the colloquy between the trial court and Reeder in the course of the change-of-plea hearing, the State advised the trial court that a part of the plea agreement, as to a nonmerger stipulation between the parties, was inadvertently not included on the paperwork. After notifying the trial court of such omission, the trial court instructed the State to add the nonmerger stipulation to the "other" section of the plea form or wherever space was available on the plea forms for each case. The additions were made and the subject of merger was explained to Reeder in open court by the trial court. No objection was lodged by Reeder as to the issue of merger thereafter.

{¶7} Reeder's judgment entries of conviction were filed in the trial court on November 21, 2019 and a sentencing hearing was scheduled in all cases for January 23, 2020.

{¶8} At sentencing, the trial court determined in case 0247 that none of the counts merged for the purposes of sentencing (under the nonmerger stipulation) and that mandatory prison terms were required for the firearm specifications in Counts Seven and Eight. Thereafter, in case 0247, the trial court sentenced Reeder to 24 months in prison as to Count One; 12 months as to Count Two; 15 months each as to Counts Three, Four, and Five; nine months as to Count Six; and six months each

on Counts Seven and Eight. (Case No. CR 2019 0247, Doc. No. 68). Reeder was sentenced to two mandatory (one year) terms in prison as to the firearm specifications in Counts Seven and Eight. (*Id.*). The trial court further ordered that Count One be served consecutive to Count Two; that Counts Three, Four, and Five (although served concurrently to one another) be served consecutive to all other counts; that Count Six be served consecutive to the other counts; and that Counts Seven and Eight (be served concurrently to one another), but consecutive to the other counts for a total of 66 months in prison. (*Id.*). The trial court further ordered Reeder to serve two mandatory one-year prison terms (for the firearm specifications in Counts Seven and Eight) to be served consecutive to each other and consecutive to the other counts. (*Id.*). Thus, the total sentence in case 0247 was seven years and six months in prison. (*Id.*).

{¶9} In case 0346, the trial court determined that none of the counts merged for the purposes of sentencing (under the nonmerger stipulation) and that mandatory prison terms were not required, but a term of prison was presumed for Count One. Thereafter, in case 0346, the trial court sentenced Reeder to 24 months (each) in prison as to Counts One and Two; to 9 months in prison (each) as to Counts Three and Four; and to 12 months in prison as to Count Five. The trial court further ordered that Count One be served concurrently to Count Two; that the terms in Counts Three and Four be served concurrently to one another, but consecutive to

Counts One, Two, and that Count Five be served consecutive to the other counts. Thus, in case 0346, the trial court imposed a total of three years and nine months in prison. Further, the trial court ordered the terms to be served consecutive to the terms imposed in case 0247.

{¶10} In case 0474, the trial court determined that a mandatory prison term is not required, but a prison term is presumed. (Case No. CR 2019 0474, Doc. No. 15). Subsequently, the trial court sentenced Reeder to 36 months in prison as to Count One to be served consecutive to the terms imposed in cases 0247 and 0346. (Case No. CR 2019 0474, Doc. No. 15).

{¶11} Thus, the trial court's aggregate sentence of Reeder in the three cases is 14 years and three months. (*Id.*).

{¶12} The trial court filed its judgment entries of sentencing on January 24, 2020 in each case. (Case No. CR 2019 0247, Doc. No. 68); (Case No. CR 2019 0346, Doc. No. 38); (Case No. CR 2019 0474, Doc. No. 15).

{¶13} We granted appellant's request for a delayed appeal in each case on April 7, 2021. We have consolidated all three cases for the purpose of appeal. Reeder assigns four assignments of error, which we will address in the order presented.

**Assignment of Error I**

**The trial court committed plain error by sentencing Mr. Reeder to two mandatory, consecutive one-year terms in violation of statute.**

{¶14} In his first assignment of error, Reeder argues that the trial court erred by imposing two mandatory, consecutive one-year prison terms for the firearm specifications (in case 0247 in Counts Seven and Eight) under R.C. 2941.141(A). Specifically, Reeder asserts that his felonies were "committed as part of the same act or transaction", and thus are excepted under R.C. 2929.14.

*Standard of Review*

{¶15} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶16} Here, the trial court sentenced Reeder to 66 months on the eight indicted counts in case 0247 pursuant to his negotiated plea agreement. (Case No.

CR 2019 0247, Doc. No. 68). Then, the trial court ordered two (2) additional one-year prison terms as to the firearm specifications (in Counts Seven and Eight) to be served consecutive to each other and consecutive to the other counts for a total sentence of seven years and six months in prison in case 0247. (*Id.*).

{¶17} Important to this discussion, R.C. 2929.14 governs sentencing for firearm specifications. R.C. 2929.14(C)(1)(a) provides in its pertinent parts:

> (C)(1)(a) Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

R.C. 2929.14(C)(1)(a) (Oct. 17, 2017) (current version R.C. 2929.14(C)(1)(a) Apr. 12, 2021). Reeder relies on R.C. 2929.14(B)(1)(b) in his assertion that the trial court erred by imposing the firearm specification terms to run consecutively to one another, rather than, concurrent.

{¶18} R.C. 2929.14(B)(1)(b) sets forth an exception to the general rule espoused in R.C. 2929.14(C)(1)(a) and states as follows:

> If a court imposes a prison term on an offender under division (B)(1)(a) of this section, * * * a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for *felonies committed as part of the same act or transaction*.

(Emphasis added.) R.C. 2929.14(B)(1)(b) (Oct. 17, 2017) (current version R.C. 2929.14(B)(1)(b) Apr. 12, 2021).

{¶19} Significant to this appeal and because it is dispositive of the issue before us, Reeder acknowledged and stipulated (at his change-of-plea hearing) that each of the counts in the indictment (in case 0247) were separate acts and merger would not apply. (Nov. 21, 2019 Tr. at 19-22). Put more plainly, Reeder entered into a plea agreement with the State to plead guilty to the firearm specifications and to *waive* the protections afforded him under R.C. 2941.25 (by virtue of his nonmerger stipulation) when he stipulated that his acts were *separate* and *merger did not apply*. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29 ("It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'"). Thus, the trial court did not err (at sentencing) by imposing consecutive prison terms for his firearm specifications under Counts Seven and Eight considering Reeder's "intentional relinquishment [] of a known right". *Id.* quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15 quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777 (1993), quoting *Johnson*

*v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938). Consequently, Reeder's sentence is not contrary to law.

{¶20} Accordingly, Reeder's first assignment of error is overruled.

**Assignment of Error II**

**The conviction for offenses which do not exist in Ohio law are void, or, alternatively, voidable.**

{¶21} In his second assignment of error, Reeder argues that the THC identified in Counts Three, Four, Five, and Eight in case 0247 and Count Four in case 0346 is not a Schedule I controlled substance, and thus is not defined as an offense under the Ohio Revised Code.[4] Specifically, in this assignment of error, Reeder attacks the subject-matter jurisdiction of the trial court.

*Standard of Review*

{¶22} A conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 21-22, quoting *State v. Perry*, 10 Ohio St.2d 175, 178 (1967). Jurisdiction is a question of law, which we review under a de novo standard of review. *See State v. Stewart*, 3d Dist. Seneca No. 13-21-05, 2021-Ohio-2294, ¶ 6. "De novo review is independent, without deference to the lower court's

---

[4] Indeed, Reeder raised this issue in pretrial motions to dismiss the indictment filed on August 14 and October 1, 2019, and the State filed its memorandum in opposition on October 30, 2019. (*See* Case No. CR 2019 0247, Doc. Nos. 19, 20, 36). However, the trial court never ruled on those issues because Reeder ultimately entered a guilty plea on November 21, 2019. (Case No. CR 2019 0247, Doc. Nos. 57, 58).

decision." *State v. Hudson,* 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Analysis*

{¶23} "'Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through *appeal*, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate.'" (Emphasis added.) *State v. Love*, 7th Dist. Mahoning No. 17 MA 0039, 2018-Ohio-1140, ¶ 17, quoting *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44. Thus, "[t]he authority to vacate a void judgment is 'an inherent power possessed by Ohio courts.'" *Id.* at ¶ 18, quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of syllabus, and citing *Lingo* at ¶ 48.

{¶24} A judgment rendered by a trial court lacking subject-matter jurisdiction is void and issues of voidness can be raised at any time. *Id.* at ¶ 19, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17. "Furthermore, the doctrine of res judicata can be surmounted where a judgment is void for lack of subject matter jurisdiction." *Id.*, citing *id.*, *State Wilson*, 73 Ohio St.3d 40, 44-45 (1995), fn. 6, and *Perry*, 10 Ohio St.2d at 178-179.

{¶25} The Supreme Court of Ohio recently "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a

void judgment," to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Harper* at ¶ 4-5 and at ¶ 41-43. The Supreme Court of Ohio traced the roots of that "understanding" back 150 years to its 1857 decision in *Ex parte Shaw*, 7 Ohio St. 81 (1857), and through its decision, more than a century later, in *Perry*. Under the "traditional" rule,

> 'a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or *no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted.* * * * Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant.'

(Emphasis added.) *Harper* at ¶ 21-22, quoting *Perry* at 178-179.

{¶26} "Subject-matter jurisdiction," the Supreme Court of Ohio noted, "refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Harper* at ¶ 23. Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confers upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 24-25. And, a trial court has jurisdiction over any person appearing before it under a *valid* indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179 (1963).

{¶27} Even though Reeder entered his guilty pleas before the trial court rendered its decision on his motions to dismiss (i.e., "invalid indictments") he has not waived this objection by pleading guilty because he is attacking the subject-matter jurisdiction of the trial court to render convictions as opposed to defects in his pleas under Crim.R. 11. A defect in subject-matter jurisdiction requires correction whether or not it was raised in the trial court and cannot be waived because it goes to the heart of the trial court's power to adjudicate a case on the merits. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 45, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Consequently, we must address Reeder's second assignment of error on the merits.

{¶28} Here, Reeder was convicted in case 0247 in Counts Three, Four, and Five of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), all fourth degree felonies. (Case No. CR 2019 0247, Doc. No. 58). R.C. 2925.03 provides in its pertinent parts:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a *controlled substance* or a controlled substance analog;

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any *compound*, mixture, preparation, or substance included in *schedule I* or schedule II, *with*

-14-

*the exception of marihuana*, cocaine, L.S.D., heroin, *hashish*, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(a)   Except as otherwise provided in division (C)(1)(b), (c), (d), (e), or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

(Emphasis added.)  R.C. 2925.03(A)(1), (C)(1)(a) (Sept. 14, 2016) (current version R.C. 2925.03(A)(1), (C)(1)(a) June 29, 2019).  Moreover, Reeder was convicted of Aggravated Possession of Drugs in case 0247 in Count Eight of Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth degree felony.  (Case No. CR 2019 0247, Doc. No. 58).  R.C. 2925.11 states in its pertinent parts:

(A) No person shall knowingly obtain, possess, or use a *controlled substance* or a controlled substance analog.

\* \* \*

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is a *compound*, mixture, preparation, or substance included in *schedule I* or II, with the exception of *marihuana*, cocaine, L.S.D., heroin, *hashish*, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth

degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

(Emphasis added.)   R.C. 2925.11(A), (C)(1)(a) (Sept. 14, 2016) (current version R.C. 2925.11(A), (C)(1)(a) Mar. 22, 2019).  Important to this appeal, all four counts enumerated the Schedule I substance as "THC, a Schedule I drug".[5]  (Case No. CR 2019 0247, Doc. No. 1).

{¶29} Additionally, Reeder was convicted in case 0346 of Count Four for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony.  (Case No. CR 2019 0346, Doc. No. 29).   R.C. 2925.11 states in its relevant parts:

(A)  No person shall knowingly obtain, possess, or use a *controlled substance* or a controlled substance analog.

\* \* \*

(C)  Whoever violates division (A) of this section is guilty of one of the following:

(1)  If the drug involved in the violation is a *compound*, mixture, preparation, or substance included in *schedule I* or II, *with the exception of marihuana*, cocaine, L.S.D., heroin, any fentanyl-related compound, *hashish*, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

(a)  Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code

---

[5] The indictment contained language under Counts Three, Four, and Five that the drug (i.e., THC) was "in an amount less than the bulk amount."  (Case No. CR 2019 0247, Doc. No. 1).

applies in determining whether to impose a prison term on the offender.

(Emphasis added.) R.C. 2925.11(A), (C)(1)(a) (Oct. 31, 2018) (current version R.C. 2925.11(A), (C)(1)(a) Mar. 22, 2019). Significantly, Count Four also sets forth that the drug involved in this violation "is a compound, mixture, preparation, or substance included in Schedule I or II, to wit: THC, a Schedule I drug." (Case No. CR 2019 0346, Doc. No. 1).

{¶30} Reeder argues that THC is not a Schedule I controlled substance. Because the answer to this assignment of error involves a question of statutory interpretation, which is a question of law, we apply a de novo standard of review. *Hudson*, 2013-Ohio-647, at ¶ 27, citing *State v. Consilio*, 114 Ohio St. 3d 295, 2007-Ohio-4163, ¶ 8.

{¶31} R.C. 3719.01(C) defines a "'[c]ontroled [s]ubstance'" to mean "a drug, *compound*, mixture, preparation, or substance included in *schedule I*, II, III, IV, or V." (Emphasis added.) (Mar. 19, 2015) (current version R.C. 3719.01(C) Mar. 22, 2020). *See State v. Naples*, 9th Dist. Lorain No. 17CA011169, 2018-Ohio-2562, ¶ 18, citing R.C. 3719.01(C). Moreover, R.C. 3719.01(BB) defined "[s]chedule I" to mean a "controlled substance schedule[] * * * established pursuant to section 3719.41". (Mar. 19, 2015) (current version R.C. 3719.01(V) Mar. 22, 2020).

Case Nos. 1-21-08, 1-21-09 and 1-21-10

{¶32} Since the focus of Reeder's assignment of error is whether THC constitutes a Schedule I controlled substance, we direct our attention to Schedules of controlled substances that were in effect at the time Reeder committed his offenses set forth under R.C. 3719.41.[6] Under R.C. 3719.41(C), "[h]allucinogens" were defined as

> [a]ny material, *compound*, mixture, or preparation *that contains any quantity of the following hallucinogenic substances*, including their salts, *isomers*, and salts of isomers, unless specifically excepted under federal drug abuse control laws, whenever the existence of these salts, *isomers*, and salts of isomers is possible within the specific chemical designation. For the purposes of this division only, *"isomer"* includes the *optical isomers*, position isomers, and geometric isomers.

(Emphasis added.)[7] Indeed, "[t]etrahydrocannabinols" was listed as a "[h]allucinogen[]" under R.C. 3719.41(C)(27).[8] Significantly, "THC is [an acronym for] tetrahydrocannabinol, the principal psychoactive constituent [i.e., compound] of the cannabis plant." *Nationwide Mut. Fire Ins. Co. v. McDermott*, 603 Fed. Appx. 374, 375 (6th Cir.2015), fn. 2. *See also State v. Naples* at ¶ 2, citing *Nationwide Mut. Fire Ins. Co.* at 375, fn. 2. Moreover, THC is an active *isomer*

---

[6] Notably, R.C. 3719.41 was amended by Am.Sub. S.B. 57, 2019 Ohio Laws 13, effective March 22 2020, enabling the State Board of Pharmacy to adopt rules in accordance with Chapter 119 of the Ohio Revised in establishing five different controlled-substance schedules. R.C. 3719.41(A). Those five controlled-substance schedules are now situated *exclusively* under Ohio Administrative Code Chapter 4729:9-1 titled Controlled Substance Schedules. *See* Ohio Adm.Code 4729:9-1-01-4729:9-1-05.

[7] Importantly, the language in the 2014 and 2018 versions of R.C. 3719.41(C) were analogous. *Compare* R.C. 3719.41(C) (July 10, 2014), *with* (Oct. 31, 2018), and (current version Ohio Adm.Code 4729:9-1-01(D) Oct. 19, 2020).

[8] The 2014 and 2018 versions of R.C. 3719.41(C)(27) were also analogous. *Compare* R.C. 3719.41(C)(27) (July 10, 2014), *with* (Oct. 31, 2018), and (current version Ohio Adm.Code 4729:9-1-01(D)(31) Oct. 19, 2020).

-18-

present in cannabis. *See Bacon v. Commissioner of Social Sec.*, 2012 WL 3112374, *5 (N.D.Ohio, May 30, 2012); *U.S. v. Caseer*, 399 F.3d 828, 848 (6th Cir.2005) (noting Marijuana is the common name for "all parts of the genus Cannabis sativa L." (cannabis plant); identifying THC as tetrahydrocannabinols "the main psychoactive substance produced naturally by the marijuana plant"; and observing that the compounds of these structures contain *optical isomers*). *See also* R.C. 3719.01(L) (Mar. 19, 2015) (defining an "[i]somer" as an "optical isomer" "except as otherwise expressly stated") *compare with* R.C. 3719.41(C) (July 10, 2014) (expressly including "optical isomers" as well as "position isomers" and "geometric isomers") *with* (current version R.C. 3719.01 Mar. 22, 2020) (containing no definition for an isomer).

{¶33} Because THC is a chemical compound that contains isomers and is an acronym for "[t]etrahydrocannabinols", which was listed as a Schedule I controlled substance at the time Reeder committed his offenses, we conclude that Reeder's argument that THC is not a Schedule I controlled substance is without merit. Moreover, because his jurisdictional argument is predicated on what we have concluded to be a meritless assertion, we conclude that the trial court acted with subject-matter jurisdiction herein.

{¶34} Accordingly, Reeder's second assignment of error is overruled.

**Assignment of Error III**

**Defense counsel rendered ineffective assistance, causing Mr. Reeder's guilty plea to be unknowing and involuntary because Mr. Reeder pled guilty to offenses which do not exist in Ohio law.**

**Assignment of Error IV**

**Trial Counsel rendered ineffective assistance of counsel by stipulating in a plea agreement that no counts would merge.**

{¶35} In his third and fourth assignments of error, Reeder asserts that his trial counsel rendered ineffective assistance of counsel by allowing Reeder to plead guilty to offenses that "do not exist in Ohio law" and by stipulating at Reeder's indicted acts were *separate* acts that do *not* merge for the purposes of sentencing.

*Standard of Review*

{¶36} "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 12th Dist. Clinton No. CA2019-05-010, 2020-Ohio-3072, ¶ 45, citing Sixth Amendment of the United States Constitution, Article I, Section 10 of the Ohio Constitution, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), and *State v. Hester*, 45 Ohio St.2d 71 (1976), *holding modified*, *State v. Cole*, 2 Ohio St.3d 112 (1982). A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland* at 687. In order to show

-20-

counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989).

*Analysis*

**{¶37}** "When a defendant enters a plea of guilty, he is making a 'complete admission of [his or her] guilt.'" *State v. Welly*, 3d Dist. Seneca No. 13-15-37, 2016-Ohio-863, ¶ 22, quoting Crim.R. 11(B)(1). "A criminal defendant who pleads guilty is limited on appeal; he [or she] may only attack the voluntary, knowing, and intelligent nature of the plea and '"may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."'" *State v. Mata*, 3d Dist. Allen 1-04-54, 2004-Ohio-6669, ¶ 12, quoting *State v. Spates*, 64 Ohio St.3d 269, 271-272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). Consequently, "[a]

guilty plea constitutes a waiver of a claim of ineffective assistance of counsel unless counsel's conduct affected the voluntary nature of the plea." *Id.* at ¶ 13.

{¶38} Because we previously concluded in Reeder's second assignment of error that Counts Three, Four, Five, and Eight (in case 0247) and Count Four (in case 0346) are valid criminal offenses, we will not conclude that Reeder's trial counsel rendered ineffective assistance of counsel by advising him to plead guilty to those offenses. As such, Reeder's argument that his pleas were not made knowingly and voluntarily is overruled.

{¶39} Next, Reeder asserts that his trial counsel rendered ineffective assistance of counsel by pleading him guilty under (a negotiated plea agreement) to counts that should have merged, and thus were made unknowing and involuntary. Specifically, Reeder argues that he did not *know* the practical ramifications of merger, and hence, his plea was *involuntary*. (*See* Appellant's Brief at 9). In our review of the record, Reeder received the benefit of his bargain, which included the dismissal of numerous specifications (in case 0247) and an amendment of Count One (in case 0346) that was reduced from a second-degree felony (carrying a mandatory prison term up to eight years) to a third-degree felony (carrying a non-mandatory prison term of up to 36 months). (Case No. CR 2019 0247, Doc. Nos. 57, 58); (Case No. CR 2019 0346, Doc. No. 29); (Nov. 21, 2019 Tr. at 3-6, 11, 76-82, 84-88, Case No. CR 2019 0247, Doc. No. 91). The record is clear that the trial

court engaged in an extensive discussion in open court as to Reeder's understanding of his nonmerger stipulation. (Nov. 21, 2019 Tr. at 19-24, Case No. CR 2019 0247, Doc. No. 91). Moreover, Reeder was free to reject the negotiated plea agreement at any point during his change-of-plea hearing. *See State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 15. Nevertheless, after the nonmerger explanation by defense counsel and the trial court, Reeder acknowledged he understood his nonmerger stipulation, and thereafter entered his guilty pleas. (Nov. 21, 2019 Tr. at 25, 79, Case No. CR 2019 0247, Doc. No. 91). Trial counsel noted at the change-of-plea hearing that the decision to enter a nonmerger stipulation resulted from the "global resolution" of all three cases. (*Id.* at 22). *See State v. Knight*, 8th Dist. Cuyahoga No. 109302, 2021-Ohio-3674, ¶ 49, 51.

{¶40} In the instant appeal, Reeder has failed to fulfill his burden of demonstrating that trial counsel's performance was deficient in light of the foregoing or that he has suffered prejudice in light of his plea deal. *Id.* at ¶ 49, citing *State v. Wright*, 8th Dist. Cuyahoga No. 103823, 2016-Ohio-5248, ¶ 11, citing *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 8-11.

{¶41} Accordingly, Reeder's third and fourth assignments of error are overruled.

{¶42} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**