[Cite as *State v. Ware*, 2024-Ohio-4655.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240097 |
| | | TRIAL NO. B-2302106 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DANTE WARE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 25, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**ZAYAS, Judge.**

**{¶1}** Following a no-contest plea, Dante Ware was convicted of having a weapon while under a disability under R.C. 2923.13(A)(3) for possessing a gun. Ware now appeals, and in two assignments of error, he argues that the evidence was insufficient to support the conviction, and he contends that the trial court erred by denying his motion to dismiss the charge because the weapon-under-disability statute unconstitutionally deprives Ware of his constitutional right to bear arms under *New York State Rifle and Pistol Assn. v. Bruen*, 597 U.S. 1 (2022). For the reasons discussed below, we affirm the judgment in part, vacate the judgment in part, and remand the cause to the trial court for further proceedings consistent with this opinion.

### Factual Background

**{¶2}** Ware was indicted for carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and having a weapon while under a disability. Ware filed a motion to dismiss the charges alleging that his juvenile adjudication did not create a disability. In 2012, Ware was adjudicated delinquent for conveyance of drugs in a detention facility, a felony of the third degree if committed by an adult, in violation of R.C. 2921.36. Ware admitted to having marijuana on his person when he was arrested and placed in detention. The marijuana was discovered during his admission to the detention facility.

**{¶3}** In the alternative, Ware argued that applying the having-a-weapon-while-under-a-disability statute to him violates his fundamental right to bear arms. After the trial court overruled his motion to dismiss, Ware entered into a plea

2

agreement with the state whereby he pled no contest to the having-a-weapon-while-under-a-disability charge, and the state dismissed the other two charges.

{¶4} For ease of discussion, we will address the assignments of error out of order.

### Disqualifying Drug Offense

{¶5} In his second assignment of error, Ware contends that the evidence was insufficient to support the conviction because his juvenile adjudication did not create a disability.

{¶6} In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7} Under R.C. 2923.13(A)(3), a person is unable to possess a firearm if that person "has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶8} Ware was adjudicated a delinquent child for the commission of illegal conveyance of drugs in a detention facility, an offense that, if committed by an adult, would have been a felony of the third degree. The offense involved the possession of marijuana that was discovered when he was admitted into a detention facility. Under the plain language of R.C. 2923.13(A)(3), Ware is unable to possess a firearm because his adjudication would have been a felony offense, if committed by an adult, involving the possession of marijuana.

{¶9} Ware argues that R.C. 2923.13(A)(3) does not apply to Ware because the statute requires an adjudication involving a "drug abuse offense." R.C. 2923.13(A)(3) defines a "drug abuse offense" as:

> A violation of division (A) of section 2913.02 [theft] that constitutes theft of drugs, or a violation of section 2925.02 [corrupting another with drugs], 2925.03 [trafficking], 2925.04 [illegal manufacture of drugs], 2925.041 [illegal assembly or possession of chemicals for manufacture of drugs], 2925.05 [funding, aggravated funding of drug or marihuana trafficking], 2925.06 [illegal administration or distribution of anabolic steroids], 2925.11 [possession of controlled substances], 2925.12 [possessing drug abuse instruments], 2925.13 [permitting drug abuse], 2925.22 [deception to obtain a dangerous drug], 2925.23 [illegal processing of drug documents], 2925.24 [tampering with drugs], 2925.31 [abusing harmful intoxicants], 2925.32 [trafficking in harmful intoxicants], 2925.36 [illegal dispensing of drug samples], or 2925.37 [counterfeit controlled substance offenses] of the Revised Code[.]

{¶10} While it is true that Ware was not adjudicated of a "drug abuse offense," R.C. 2923.13(A)(3) does not require an adjudication for a "drug abuse offense." The statute applies to an "offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2925.01(B) provides that "drug of abuse" has the same meaning as in R.C. 3719.011, which, in relevant part, defines "drug of abuse" as "any controlled substance as defined in section 3719.01."

{**¶11**} A "'controlled substance' means a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C). The schedules of controlled substances are established "under the federal drug abuse control laws." R.C. 3719.41. Marijuana "is a Schedule I controlled substance, as are hallucinogenics containing cannibinoids, THC, and synthetics or derivatives thereof." *State v. Donoho*, 2018-Ohio-4950, ¶ 14 (11th Dist); *State v. Reeder*, 2021-Ohio-4558, ¶ 33 (3d Dist.) (Marijuana is a chemical compound listed as a Schedule I controlled substance.); 21 U.S.C. 812 (classifying marijuana as a Schedule I controlled substance). Thus, Ware was adjudicated delinquent for an offense involving a "drug of abuse." Under the plain language of the statute, Ware's argument fails.

{**¶12**} Accordingly, we overrule the second assignment of error.

### Constitutionality of R.C. 2923.13(A)

{**¶13**} In his first assignment of error, Ward contends that the trial court erred by denying the motion to dismiss the charge because the blanket ban on possession of a firearm in R.C. 2923.13(A) violates the Second Amendment.

{**¶14**} Next, Ward contends that the having-a-weapon-while-under-a-disability statute is unconstitutional, both facially and as applied to him, because "the state should be prohibited from criminalizing the legal possession of a firearm based upon a prior juvenile adjudication." He further asserts, relying on a decision by another trial court and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), that the statute "is not consistent with the Nation's historical tradition of firearm regulation." However, *Rahimi* has since been reversed by the Supreme Court. *See United States v. Rahimi*, ___ U.S. ___, 144 S.Ct. 1889 (2024).

{**¶15**} Consequently, we vacate the judgment of the trial court and remand the

cause to the trial court so the parties and the court can reconsider the constitutionality of the statute in light of *United States v. Rahimi*, __ U.S. __, 144 S.Ct. 1889 (2024). *See, e.g., Antonyuk v. James*, 144 S.Ct. 2709 (2024) (United States Supreme Court vacating the judgment and remanding the case for further consideration in light of *Rahimi*).

Judgment affirmed in part, vacated in part, and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.