[Cite as *State v. Haser*, 2021-Ohio-460.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. CT2020-0029 |
| DONALD HASER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  CR2020-0094

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:       February 19, 2021

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

D. MICHAEL HADDOX                   TODD W. BARSTOW
PROSECUTING ATTORNEY                261 West Johnstown Road
TAYLOR P. BENNINGTON                Suite 204
ASSISTANT PROSECUTOR                Columbus, Ohio  43230
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

{¶1} Defendant-Appellant Donald Haser appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on one count of Aggravated Burglary and one count of Domestic Violence, following a guilty plea.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts, as set forth at the plea hearing, and procedural history are as follows:

{¶4} On January 28, 2020, officers with the Zanesville Police Department were dispatched to a residence at 567 Hedgewood Avenue. The caller indicated that a female by the name of A.A. was inside the residence and was being shot numerous times with a BB gun by Appellant Donald Haser, who was on the trespass list for 567 Hedgewood Avenue.

{¶5} Officers arrived and made contact with A.A. She had visible injuries to the back of her neck as well as the back of her legs. She told officers that Appellant had shot her numerous times with a BB gun and had dragged her around the basement.

{¶6} The officers were then able to speak with a witness, Eileen Stout, who indicated that she was in the basement when she heard the basement door kicked open. Ms. Stout advised that Appellant was tightly grasping A.A. by the top of her head around her hair and dragged her down the stairs into the basement. She indicated that A.A. was repeatedly asking Appellant to stop, telling him that it hurt. Appellant then hit A.A. with a closed fist and pushed her across the room. Ms. Stout then exited the basement area returning upstairs.

**{¶7}** Appellant has six prior convictions for domestic violence.

**{¶8}** Appellant was subsequently arrested.

**{¶9}** On February 12, 2020, Appellant was indicted on one count of aggravated burglary, a felony of the first degree, in violation of R.C. §2911.11(A)(1), one count of domestic violence (two or more priors), a felony of the third degree, in violation of R.C. §2919.25(A), one count of kidnapping, a felony of the first degree, in violation of R.C. §2905.01(A)(3), and one count of felonious assault, a felony of the second degree, in violation of R.C. §2903.11(A)(1).

**{¶10}** On April 6, 2020, pursuant to a negotiated plea deal, Appellant pled guilty to the counts of aggravated burglary and domestic violence.

**{¶11}** On April 27, 2020, a sentencing hearing was held. On the count of aggravated burglary, the trial court sentenced Appellant to a minimum term of 11 years, but up to 16.5 years in prison. On the count of domestic violence, Appellant was sentenced to 36 months. The trial court ordered the sentences to run consecutively for a minimum sentence of 14 years and a maximum of 19.5 years.

**{¶12}** Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

**{¶13}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT MERGING THE OFFENSES OF AGGRAVATED BURGLARY AND DOMESTIC VIOLENCE FOR PURPOSES OF SENTENCING. (R. Entry, 4/30/20; T. 4/6/20; 4/30/20).

**{¶14}** "II. THE TRIAL COURT SENTENCED APPELLANT TO AN INDEFINITE TERM OF INCARCERATION PURSUANT TO A STATUTORY SCHEME THAT VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS

GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS. (T. 4/6/20; 4/27/20; R. Entries 4/30/20).

{¶15} "III. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS. (T. 4/6/20; 4/27/20; R. Entries, 4/30/20)."

## I.

{¶16} In his first assignment of error, Appellant argues the trial court erred by failing to merge the aggravated burglary and domestic violence offenses. We disagree.

{¶17} Appellate review of an allied-offense question is *de novo*. *State v. Miku*, 5th Dist. Stark No. 2017-CA-00057, 2018-Ohio-1584, 111 N.E.3d 558, ¶ 70, citing *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶18} The Supreme Court of Ohio has made clear that "[i]t is possible for an accused to expressly waive the protection afforded by R.C. §2941.25 [the merger statute, describing when multiple punishments may be imposed for two or more offenses], such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.' " *See State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, at ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29.

{¶19} Appellant herein argues that it was plain error for the trial court to fail to consider merging the sentences even if the sentence was agreed to. By failing to seek the merger of convictions as allied offenses of similar import in the trial court, a defendant forfeits his or her allied offenses claim for appellate review, except for plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 21.

{¶20} In *State v. Rogers, supra*, the Court reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. *Id.* at ¶ 23. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph 3 of the syllabus.

{¶21} *State v. Underwood, supra,* states:

When a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

{¶22} The Eighth District has held that when the transcript demonstrates the state and defense counsel specifically agreed that the offenses were not allied, the issue of allied offenses is waived. *State v. Yokings,* 8th Dist. Cuyahoga No. 98632, 2013–Ohio–1890; *State v. Carmen,* 8th Dist. Cuyahoga No. 99463, 2013–Ohio–4910; *State v. Ward,* 8th Dist. Cuyahoga No. 97219, 2012–Ohio–1199. In said cases, the Eighth District distinguished *Underwood* based on the fact that merger was not discussed as part of the agreed sentence in *Underwood.* In fact, *Underwood* explicitly states:

[W]e note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is

obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

**{¶23}** *Id.* at ¶ 29.

**{¶24}** In the instant case, Appellant did not seek merger at the trial court level. Rather, Appellant and the state of Ohio entered into a negotiated plea agreement in this case, wherein the state agreed to dismiss the kidnapping and felonious assault counts in exchange for pleas of guilty to the counts of aggravated burglary and domestic violence. Appellant stipulated in his plea agreement that the counts of Aggravated Burglary and Domestic Violence do not merge. On the last page of the written plea agreement, it is stated "[t]he parties stipulate that the counts herein do not merge."

**{¶25}** Further, defense counsel confirmed that understanding during the plea hearing. (Plea T. at 4). During the plea hearing, defense counsel specifically stated that the statements made by the prosecutor were correct, that the plea form was accurate, that he had reviewed said form with Appellant, and that it was his belief that Appellant changed his plea knowingly, intelligently and voluntarily. (Plea T. at 4). At the plea hearing, Appellant himself also affirmed that he understood that he was pleading guilty to two separate counts. (Plea T. at 4).

**{¶26}** Additionally, even at the sentencing hearing, defense counsel's argument was not for merger but rather for concurrent sentencing. Defense counsel even stated "I'm not really saying they merge but – because I know they don't, but …" (Sent. T. at 12).

**{¶27}** "[W]here the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived." *State v. Black*, 8th Dist. No. 102586, 2016-Ohio-383, ¶ 18. Here, that agreement came not only through

counsel, but also was incorporated into the actual plea agreement that Appellant himself signed.

{¶28} The record in the case before us satisfies the requirements of *Underwood, supra.* The parties had an agreement the offenses would not merge, and Appellant received the benefit of the bargain by the dismissal of the kidnapping and felonious assault charges. *Underwood* does not require the trial court to determine whether the offenses actually merge before accepting the plea when the parties have specifically entered into an agreement that they do not merge. It is when the parties fail to discuss the merger that the trial court is obligated to determine if the offenses are allied offenses.

{¶29} Based on the terms of the plea in the instant case, we find the issue of allied offenses is waived. Appellant's first assignment of error is overruled.

## II., III.

{¶30} In his second and third assignments of error, Appellant argues that the Reagan Tokes Law, specifically, R.C. §2967.271, is unconstitutional. In his third assignment of error Appellant also argues he was denied the effective assistance of counsel for counsel's failure to raise the constitutionality at sentencing.

{¶31} The state maintains that the issue of the constitutionality of the Regan Tokes Law is not ripe for review. However, the state nonetheless maintains the law is constitutional.

{¶32} This Court has previously addressed whether a challenge to the constitutionality of the Reagan Tokes Law is ripe for appellate review where the defendant has yet to serve the minimum term and yet to be subject to the application of the Reagan Tokes Law. This Court has repeatedly held the issue is not ripe for review. *See State v.*

*Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631 *State v. Wolfe*, 5th Dist. Licking No. 2020-CA-2021, 2020-Ohio-5501; and *State v. Buckner*, 5th Dist. Muskingum CT2020-0023, 2020-0024, 2020-Ohio-2017.

**{¶33}** The Sixth District has reached the same conclusion in *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, and *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855. Likewise the Fourth District recently found the issue not ripe for review *in State v. Ramey*, 4th Dist. Washington Nos. 20 CA 1 and 20 CA 2, 2020-Ohio-6733.

**{¶34}** For the reasons set forth in our prior opinions, we find Appellant's assigned errors not ripe for review. Appellant's second and third assignments of error are overruled.

**{¶35}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, affirmed.

By: Wise, J.

Hoffman, J., concurs.

Gwin, P. J., concurs in part and dissents in part.

JWW/kr 0210

*Gwin, P.J., concurs and dissents*

{¶36} I concur in the majority's disposition of Appellant's First Assignment of Error.

{¶37} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's Second and Third Assignments of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501.

{¶38} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionality of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table); *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II, State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).