[Cite as *State v. McConnell*, 2022-Ohio-2902.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
|---|---|---|
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JAMARR A. MCCONNELL | : | Case No. CT 2021-0063 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. CR2021-0154


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               August 17, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

TAYLOR P. BENNINGTON                    JAMES S. SWEENEY
27 North Fifth Street                   285 South Liberty Street
P.O. Box 189                            Powell, OH  43065
Zanesville, OH  43702-0189

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant, Jamarr A. McConnell, appeals his July 15, 2021 sentence by the Court of Common Pleas of Muskingum County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On March 17, 2021, the Muskingum County Grand Jury indicted appellant on one count of attempted murder in violation of R.C. 2903.02, twenty-three counts of felonious assault in violation of R.C. 2903.11, twenty-three counts of discharging a weapon at or into a habitation in violation of R.C. 2923.161, twenty-three counts of discharging a firearm over a roadway in violation of R.C. 2923.162, one count of tampering with evidence in violation of R.C. 2921.12, and one count of having a weapon while under disability in violation of R.C. 2923.13.  Each count carried firearm specifications.  Said charges arose from the shooting of Robert Gladden following an argument between Mr. Gladden and appellant's brother.  Police officers recovered twenty-three spent shell casings from the scene.

{¶ 3}  On June 3, 2021, appellant pled guilty to the attempted murder and tampering counts, and one of the counts for discharging a weapon at or into a habitation. The parties agreed to a joint recommendation of twenty years in prison, stipulated to findings necessary for consecutive sentences, and stipulated the counts did not merge for sentencing purposes.  The specifications to the counts and the remaining counts were dismissed.  A sentencing hearing was held on July 12, 2021.  By entry filed July 15, 2021, the trial court sentenced appellant to an aggregate minimum term of twenty years in

prison, with nineteen years being a mandatory term and an aggregate indefinite maximum term of twenty-five and one-half years.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO PROPERLY MERGE TWO ALLIED OFFENSES OF SIMILAR IMPORT AT SENTENCING PURSUANT TO R.C. 2941.25."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court committed plain error in failing to merge two allied offenses. We disagree.

{¶ 7} R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8}  In his appellate brief at 5, appellant argues the offenses of attempted murder and discharging a weapon at or into a habitation were "conducted with the same act and with the same animus" and therefore, the trial court should have merged the two offenses at sentencing.  However, as argued by appellee in its appellate brief at 4, "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.' "  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29.

{¶ 9}  In his plea of guilty form filed June 3, 2021, appellant specifically stipulated "to findings necessary for the imposition of consecutive sentences" and "the counts herein do not merge."  During the change of plea hearing, the prosecutor informed the trial court of the plea agreement with the merger stipulation and defense counsel and appellant each agreed to their understanding of the agreement.  June 3, 2021 T. at 4.  Appellant understood he was pleading guilty to three separate counts.  *Id.* at 4-6.  He understood "when there are multiple offenses that don't merge the Court could order the sentences to be served consecutively, which means one after the other."  *Id.* at 6.  He understood appellee was recommending a twenty-year sentence and "there's a stipulation as to the findings necessary for the imposition of consecutive sentences."  *Id.* at 13.  During the sentencing hearing, both the prosecutor and defense counsel requested that the trial court follow the joint recommendation of twenty years.  July 12, 2021 T. at 3-4.  The trial court did so.  *Id*. at 9-10.  In exchange, the specifications to the counts as well as the remaining sixty-nine counts were dismissed.

{¶ 10} In *State v. Haser,* 5th Dist. Muskingum No. CT2020-0029, 2021-Ohio-460, ¶ 24, 29, this court found the issue of allied offenses is waived when the plea agreement contains a stipulation that the offenses do not merge.  Several other districts have found the same.  *State v. Hamilton,* 6th Dist. Wood No. WD-20-089, 2022-Ohio-967; *State v. Reeder,* 3d Dist. Allen Nos. 1-21-08, 1-21-09, 1-21-10, 2021-Ohio-4558; *State v. Pagan,* 10th Dist. Franklin No. 19AP-216, 2019-Ohio-4954; *State v. Welsh,* 12th Dist. Butler No. CA2018-11-219, 2019-Ohio-4128; *State v. Booker,* 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515.  We find appellant waived the issue of allied offenses by stipulating that the offenses do not merge in his plea agreement and during the change of plea hearing. Appellant received what he bargained for.

{¶ 11} Upon review, we find the trial court did not err in following the recommended plea agreement.

{¶ 12} The sole assignment of error is denied.

{¶ 13} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.

EEW/db