[Cite as *State v. Evans*, 2023-Ohio-1357.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CARLY N. EVANS, | : | Case No. 22CA000021 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Guernsey County
                                 Court of Common Pleas, Case No.
                                 21-CR-224

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                April 26, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                           CHRIS BRIGDON
Assistant Guernsey County                 8138 Somerset Rd.
Prosecuting Attorney                      Thornville, Ohio 43076
627 Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}    Appellant, Carly Evans, appeals the decision of the Guernsey County Common Pleas Court denying her motion to merge the offense of Illegal Conveyance of Drugs of Abuse onto the Grounds of a Specified Governmental Facility, a violation of R.C. 2921.36(A)(2) and a felony of the third degree and with the charge of Aggravated Possession of Drugs, a violation of section 2925.11 (A) and a felony of the second-degree.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    Evans was stopped in her white Chevrolet Tahoe on July 3, 2021 after making a turn without signaling. She denied anything illegal being in the vehicle and consented to a search. A glass pipe was located in the vehicle and a different glass pipe was located her bra. She was brought back to the county jail and a sign describing the consequences of taking illegal items into the jail was read to her before she was admitted to the jail. Evans was escorted into the jail and passed through a body scanner.  That scan disclosed that she was concealing items in her groin and, after being mirandized by a detective, she admitted that she was carrying fentanyl and cocaine. Those items were removed from her person and lab tests confirmed they were fentanyl and cocaine.

{¶3}    Evans appeared in Cambridge Municipal Court after being charged with:

{¶4}    Count One: Possession of Cocaine, in violation of R.C. 2925.11(A)/(C)(4)(e) a felony of the first degree;

{¶5}    Count Two: Aggravated Possession of Drugs, a violation of section 2925.11(A)/(C)(1)(c) a felony of the second-degree;

**{¶6}** Count Three: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)/(C)(1)(d) a felony of the second-degree. (Complaint, July 7, 2021).

**{¶7}** On July 16, 2021, Evans was bound over to the Guernsey County Court of Common Pleas and, on September 9, 2021, the Grand Jury issued an indictment containing the following charges:

**{¶8}** Count One: Aggravated Possession of Drugs in violation of R.C. 2925.11 (A)/(C) (1) (c), a felony of the second-degree;

**{¶9}** Count Two: Aggravated Trafficking in Drugs in violation of R.C. 2925.03 (A) (2)/(C) (1) (d), a felony of the second-degree;

**{¶10}** Count Three: Aggravated Possession of Drugs, a violation of R.C. 2925.11 (A)/(C) (1) (c), a felony of the second-degree;

**{¶11}** Count Four: Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility, in violation of R.C. 2921.36 (A) (2)/(G) (2), a felony of the third degree;

**{¶12}** Count Five: Possession of Cocaine, a violation of R.C. 2925.11 (A)/(C) (4) (d) a felony of the first degree with a specification for forfeiture of an automobile under R.C. 2941.1417 (A).

**{¶13}** On April 19, 2022 Evans withdrew her not-guilty plea and entered a plea of guilty to Counts two through five of the indictment. At sentencing, Evans moved the court to merge Count two, aggravated trafficking in drugs, with Count three, Aggravated Possession of Drugs and that Count four, Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility should be merged with Count five, possession of cocaine. The state opposed the motion and the court concluded that the

offenses did not merge. The trial court imposed a sentence of a minimum of eleven years to a maximum of fourteen years.

{¶14} Evans filed a timely appeal and submitted one assignment of error:

{¶15} "I. COUNT 2 AND COUNT 3 OF THE INDICTMENT, WERE OF THE SAME IMPORT OR CONDUCT AND THEREFORE SHOULD HAVE MERGED UNDER R.C. §2941.25."

## STANDARD OF REVIEW

{¶16} Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. No. 2017 CA 00057, 2018-Ohio-1584, ¶ 70, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams*,134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶17} Revised Code 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain Counts for all such offenses, but the defendant may be convicted of only one.

> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain Counts for all such offenses, and the defendant may be convicted of all of them.

**{¶18}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶ 21. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson,*128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine "whether it is possible to commit one offense *and* the other with the same conduct." (Emphasis sic). *Id.* at ¶ 48. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id.* at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶ 51.

**{¶19}** *Johnson's* rationale has been described by the Court as "incomplete." *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. The Supreme Court of Ohio has further instructed us to ask three questions when a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**ANALYSIS**

**{¶20}** Evans' argument regarding charges that are subject to merger is confusing as a result of contradicting references to Counts in the indictment. She argued at sentencing that Count two should merge with Count three and that Count four should merge with Count five. (Sentencing Transcript, p. 12, lines 9-13). The assignment of error contained within the table of contents and page five of Evan's appellate brief refers to Counts two and three being subject merger, but the assignment of error on page one of the brief refers to the merger of count three and count four. The brief presents an argument regarding merger of Counts three and four (Appellant's Brief, p. 6). and concludes with a prayer for relief asking that this court "reverse the trial court's decision regarding the merger of Count 3 and Count 4, as convicted on April 20, 2022." (Appellant's Brief, p. 10). Because Evan's argument consistently refers to count three, Aggravated Possession of Drugs and count four, illegal conveyance of drugs onto the grounds of a detention facility we will focus our review on those Counts.

**{¶21}** Evans did not argue at the trial court level that Counts three and four should merge. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Accordingly, an accused has the burden to demonstrate a reasonable probability the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus. *Id.* Absent such showing, the accused cannot demonstrate the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. *Id.*

**{¶22}** Evans argues that because she must possess the drug prior in order to convey it into the detention center, the charges must merge. She contends that "in order to 'convey' you must also possess, which is of the same import or same conduct; which, according to R.C. §2941.25, may be indicted as separate offenses, however the defendant can only be convicted of only one" and that "* * * it is impossible for a person to convey illegal drugs onto the grounds of a prohibit place without also possessing the very same drug." (Appellant's Brief, p. 8, 9). Evans relies on language in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 which requires merger when the same conduct can be construed to constitute two or more allied offenses of similar import.

**{¶23}** Evans was charged with a violation of R.C. 2925.11, Aggravated Possession of Drugs which states that "[N]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Evans concedes that she did possess a controlled substance and it is evident from the facts of the case that she committed this offense long before she was escorted to the county jail and read the sign prohibiting the conveyance of illegal substances into the jail. She had only committed one offense up until the time that she entered the detention facility. When Evans entered the detention facility with the drugs in her possession, she violated R.C. 2921.36 when she "knowingly convey[ed} * * * onto the grounds of a detention facility * * * a drug of abuse * * *." While it is true that she could not commit the second offense without committing the first, it is also clear that these offenses were committed separately by the different conduct of Evans. She committed the violation of R.C. 2925.11 by possessing the drugs and the violation of R.C. 2921.36 by the conveyance of the drugs. We find that the offenses were

committed separately and that Evans does not argue, and the record does not reflect, plain error.

**{¶24}** Evans assignment of error is denied.

**{¶25}** The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

King, J. concur.