[Cite as *State v. Dickinson*, 2024-Ohio-1487.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. John W. Wise, J.        |
| Plaintiff-Appellee       | : | Hon. Craig R. Baldwin, J.    |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. CT2023-0075         |
| PAUL E. DICKINSON, JR.   | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | OPINION                      |


CHARACTER OF PROCEEDING:     Appeal from Muskingum County Court of
                             Common Pleas, Case No. CR2023-0285


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 18, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           APRIL F. CAMPBELL
Prosecuting Attorney                      545 Metro Place South, Suite 100
BY: JOHN CONNOR DEVER                     Dublin, OH 43017
Assistant Prosecutor
27 N. 5th St. #201
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Appellant Paul E. Dickinson, Jr. appeals the September 7, 2023 judgment entry of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On May 4, 2023, the Muskingum County Grand Jury indicted appellant on the following charges: illegal possession of a firearm in a liquor permit premises in violation of R.C. 2923.121(A) and (E), carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1), and having weapons while under disability in violation of R.C. 2923.13(A)(4) and (B).

{¶3} The trial court held a plea hearing on July 18, 2023. The following facts were adduced from the plea hearing. An individual reported to the Muskingum County Sheriff's Office that two individuals "pulled guns" at the Lazy River Lounge on April 24, 2022, at approximately 1:46 a.m. Security footage captured the incident. Appellant's co-defendant pulled out a handgun and began pursuing a female. Appellant pulled a gun out of his waistband in reaction to the co-defendant pulling the gun. No shots were fired. Appellant was captured on the video consuming alcohol before the incident, and the firearm was concealed on appellant's person.

{¶4} Approximately one week prior to the incident at the Lazy River Lounge, there was a traffic stop during which appellant was apprehended due to a warrant issued for the failure to pay child support. Police recovered a firearm during the traffic stop. The firearm was operable and visually similar to the firearm in the video.

{¶5} At the plea hearing, appellee moved to amend the weapons under disability count to a third-degree felony pursuant to the plea agreement. Both appellant and his

counsel confirmed their understanding of the plea agreement was that appellant would plead guilty to the illegal possession of a firearm in a liquor permit premises count, and the amended having weapons while under disability count.  Appellee agreed to dismiss the carrying a concealed weapon count, and also agreed to a joint recommendation of sentence of three years of community control.  The parties also agreed that the offenses did not merge.  The trial judge specifically asked appellant, "you also understand when there are multiple offenses that don't merge, the sentences could be served consecutively, which means one after the other?"  Appellant responded, "yes, your honor."

{¶6}    Appellant signed a "plea of guilty" form on July 18, 2023.  The form provides as follows, "upon a plea of 'guilty' to Count Six, as contained in the indictment, and Count Eight, as amended, the parties agree to a joint recommendation the Defendant be placed on Community Control.  The State agrees to dismiss Count Seven of the indictment at the time of sentencing.  The Defendant agrees to forfeit the firearm seized in this matter * * * the parties stipulate the counts herein do not merge."

{¶7}    The trial court issued a judgment entry on July 21, 2023, finding appellant guilty, ordering a pre-sentence investigation, and setting a sentencing hearing.  Prior to the sentencing hearing, appellee filed a motion to dismiss the carrying a concealed weapon count.  The trial court granted the motion.

{¶8}    At a sentencing hearing on September 6, 2023, the trial court sentenced appellant to community control pursuant to the plea agreement.  The trial court issued an entry on September 7, 2023, sentencing appellant to three years of community control.

{¶9} Appellant appeals the September 7, 2023 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN FAILING TO MERGE APPELLANT'S TWO OFFENSES."

I.

{¶11} Appellant contends the having weapons while under disability and illegal possession of a firearm in a liquor permit premises counts are allied offenses of similar import, and argues the trial court committed error when it refused to merge the charges and sentenced him separately on each count.

{¶12} Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. Stark No. 2017-CA000057, 2018-Ohio-1584, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245.

{¶13} Appellant contends he did not waive the merger issue because a "stipulation" is not sufficient, and there must be specific language contained in the plea agreement stating that the "offenses were committed with separate animus."

{¶14} However, this Court has held the issue of allied offenses is waived when the plea agreement contains a stipulation that the offenses do not merge. *State v. Haser*, 5th Dist. Muskingum No. CT2020-0029, 2021-Ohio-460 (language stating "counts do not merge" in plea form sufficient for waiver); *State v. McConnell*, 5th Dist. Muskingum No. CT2021-0063, 2022-Ohio-2902 (language in the plea agreement stating "the counts herein do not merge" was sufficient to waive the allied offenses issue).

{¶15} Other courts have agreed with this Court's holding. *State v. Yokings*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910 (when transcript demonstrates the state and

defense counsel specifically agreed the offenses were not allied, the issue of allied offenses is waived); *State v. Pagan*, 10th Dist. Franklin No. 19AP-216, 2019-Ohio-4954 (defendant waived any merger argument by stipulating in his plea agreement that "counts do not merge"); *State v. Conner*, 8th Dist. Cuyahoga No. 111889, 2023-Ohio-1220 (language "offenses were committed with separate animus" was not required for waiver because waiving rights under R.C. 2941.25 arises in a variety of ways); *State v. Thomas*, 2nd Dist. Champaign No. 2015-CA-33, 2016-Ohio-5057 (plea agreement need not specifically stipulate to there being a separate animus in order to waive the allied offense issue).

{¶16} In this case, appellant did not seek merger at the trial court level. Rather, appellant and appellee entered into a negotiated plea agreement, wherein appellee agreed to dismiss one count in exchange for pleas of guilty to the remaining counts. Appellant stipulated in his plea agreement that the counts do not merge. The language used in the written plea agreement states, "* * the parties stipulate the counts herein do not merge."

{¶17} Further, during the plea hearing, defense counsel confirmed the statements made by the prosecutor were correct, the plea form was accurate, and he was able to answer any and all of appellant's questions about the plea form prior to coming to the hearing. At the plea hearing, appellant himself confirmed he understood he was pleading to two separate counts, as the trial judge specifically asked appellant, "you also understand when there are multiple offenses that don't merge, the sentences could be served consecutively, which means one after another?" Appellant responded, "yes, your honor."

**{¶18}** The parties had an agreement the offenses would not merge, and appellant received the benefit of the bargain by the dismissal of the carrying concealed weapon charge. "[The Ohio Supreme Court] does not require the trial court to determine whether the offenses actually merge before accepting the plea when the parties have specifically entered into an agreement that they do not merge. It is when the parties failed to discuss the merger that the trial court is obligated to determine if the offenses are allied offenses." *State v. Haser*, 5th Dist. Muskingum No. CT2020-0029, 2021-Ohio-460.

**{¶19}** We find the trial court did not commit error in finding appellant's offenses were not allied offenses of similar import, as the trial court's decision was based on the stipulation in the plea agreement, which appellant indicated he understood.

**{¶20}** Further, we find the trial court did not commit error even if the language used in the plea agreement was insufficient to waive the issue.

**{¶21}** R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clause of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import and provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more separate offenses of the same or similar kind committed separately or with a separate

animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶22}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880. The Ohio Supreme Court has directed that we ask three questions to determine whether a defendant's conduct supports multiple offenses: (1) were the offenses dissimilar in import or significance? (2) were they committed separately? and (3) were they committed with separate animus or motivation? An affirmative answer to any of the questions will permit separate convictions. "The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

**{¶23}** Appellant did not argue at the trial court level that the counts should merge. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible unless it affected the outcome of the proceedings and a reversal is necessary to correct a manifest miscarriage of justice. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860. Accordingly, an accused has the burden to demonstrate a reasonable probability the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus. *Id.* Absent such a showing, the accused cannot demonstrate the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. *Id.*

**{¶24}** Courts who have examined whether having a weapon while under disability and illegal possession of a firearm in a liquor permit premises are allied offenses have

held these counts do not merge because the act of possessing the gun and the act of entering a liquor permit establishment with that gun are separate acts. *State v. Bray*, 2nd Dist. Clark No. 2010 CA 14, 2011-Ohio-4660 (holding trial court did not commit error in convicting and sentencing the defendant separately for illegal possession of firearm in liquor permit premises and having weapon while under disability); *State v. Young*, 2nd Dist. Montgomery No. 23642, 2011-Ohio-747.

{¶25} In this case, it may reasonably be concluded that the gun involved was appellant's, and appellant procured the gun in question some time prior to the incident involved here. The animus required for having a weapon while under disability is to knowingly acquire, have, carry, or use the weapon while under a legal disability. *State v. Young*, 2nd Dist. Montgomery No. 23642, 2011-Ohio-747. Accordingly, the elements of proof for that count were satisfied when appellant acquired the firearm. *Id.* Appellant's "subsequent conduct of bringing the weapon into a bar constituted a separate and distinct act from acquiring it." *Id.* The conduct under the weapons-under-disability offense is the mere act of possession, while the conduct under the illegal possession of a firearm in a liquor permit premises offense is the act of bringing the firearm into the bar. With separate conduct, merger is inappropriate.

{¶26} It is evident from the facts of the case that appellant committed the weapon while under disability offense prior to entering the liquor permit establishment. Appellant committed only one offense up until the time he entered the Lazy River Lounge. When he entered the bar, with the gun in his possession, he committed the second offense. See *State v. Evans*, 5th Dist. Guernsey No. 22CA000021, 2023-Ohio-1357. The offenses

were committed separately by different conduct of appellant.  Accordingly, the record does not reflect plain error.

{¶27}  Further, since appellant stipulated the offenses do not merge, it was not error, let alone plain error, for the trial court to fail to merge the convictions.

{¶28}  Based on the foregoing, appellant's assignment of error is overruled.  The September 7, 2023 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur