[Cite as *State v. Johnson*, 2024-Ohio-5498.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. CT2024-0053 |
| | : | |
| ROBERT JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2024-0119



JUDGMENT:                        AFFIRMED



DATE OF JUDGMENT ENTRY:          November 20, 2024



APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

JOSEPH A. PALMER                           APRIL F. CAMPBELL
27 North Fifth St.                         545 Metro Place South
Zanesville, OH 43701                       Dublin, OH 43017

*Delaney, P.J.*

{¶1} Appellant Robert Johnson appeals from April 26, 2024 Entry of conviction and sentence of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case originated in February 2024 when appellant was observed placing a sausage in the waistband of his pants as he pushed a cart through a grocery store. At the time, appellant was subject to a lifetime ban from the grocery-store premises and was on a "no-trespass" list.

{¶3} The Muskingum County Sheriff's Department arrived to investigate and arrested appellant. Upon searching his person, they found a methamphetamine bubble in his coat pocket.

{¶4} Ultimately Johnson entered pleas of guilty to an amended count of burglary as a felony of the second degree pursuant to R.C. 2911.12(A)(3); theft, a misdemeanor of the first degree pursuant to R.C. 2913.02(A)1); and drug paraphernalia, a misdemeanor of the fourth degree pursuant to R.C. 2925.14(C)(1). Appellant and appellee agreed to a jointly-recommended prison term of 24 months upon Count I, a term of 180 days of local incarceration upon Count II, and 30 days of local incarceration upon Count III. The jail terms on the misdemeanors were ordered to be served concurrently with the prison term upon Count I.

{¶5} The "Plea of Guilty" form executed by appellant, defense trial counsel, and appellee on April 24, 2024, states, e.g., "The parties stipulate the counts do not merge."

{¶6} Appellant now appeals from the trial court's sentencing entry of April 26, 2024.

{¶7} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶8} "THE TRIAL COURT REVERSIBLY ERRED IN NOT MERGING JOHNSON'S THEFT OFFENSE WITH JOHNSON'S BURGLARY OFFENSE, BECAUSE THOSE OFFENSES ARE ALLIED."

## ANALYSIS

{¶9} Appellant argues the trial court should have merged Counts I and II, burglary and theft. We disagree.

{¶10} R.C. 2941.25 governs multiple counts and states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} Appellate review of an allied-offense question is de novo. See, *State v. Miku*, 2018-Ohio-1584 (5th Dist.), citing *State v. Williams*, 2012-Ohio-5699.

{¶12} Appellant argues on appeal that Counts I and II should have merged for purposes of sentencing. Appellant did not raise a merger argument at the trial court level and in fact stipulated the offenses do not merge in connection with his negotiated plea agreement.

{¶13} This Court has held the issue of allied offenses is waived when the plea agreement contains a stipulation that the offenses do not merge. *State v. Dickinson*, 2024-Ohio-1487, ¶ 14 (5th Dist.), citing *State v. Haser*, Muskingum No. CT2020-0029, 2021-Ohio-460, (5th Dist.) [language stating "counts do not merge" in plea form sufficient for waiver]; *State v. McConnell*, 2022-Ohio-2902 (5th Dist.) [language in the plea agreement stating "the counts herein do not merge" was sufficient to waive the allied offenses issue].

{¶14} In this case, appellant did not seek merger at the trial court level. *Dickinson*, supra, ¶ 16. Rather, appellant and appellee entered into a negotiated plea agreement wherein appellee agreed to amend one count in exchange for pleas of guilty. Appellant stipulated in his plea agreement that the counts do not merge. *Id.* The language used in the written plea agreement states, "The parties stipulate the counts herein do not merge." *Id.*

{¶15} The parties agreed the offenses would not merge, and appellant received the benefit of the bargain by the amendment of the penalty level of the burglary count. *Dickinson*, supra, ¶ 15; *McConnell*, supra, ¶ 12. "[The Ohio Supreme Court] does not require the trial court to determine whether the offenses actually merge before accepting the plea when the parties have specifically entered into an agreement that they do not merge. It is when the parties failed to discuss the merger that the trial court is obligated

to determine if the offenses are allied offenses." *Haser*, supra, 2021-Ohio-460, ¶ 22 (5th Dist.).

{¶16} We find the trial court did not commit error in finding appellant's offenses were not allied offenses of similar import, as the trial court's decision was based on the stipulation in the plea agreement, which appellant indicated he understood. The sole assignment of error is overruled.

## CONCLUSION

{¶17} Appellant's assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.