[Cite as *State v. Delaney*, 2025-Ohio-16.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 24COA019 |
| | : | |
| ASHLEY DELANEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County Court of Common Pleas, Case No. 23-CRI-339

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    January 2, 2025

APPEARANCES:

For Plaintiff-Appellee:

ANDRES R. PEREZ
110 COTTAGE STREET, 3RD FLOOR
ASHLAND, OHIO 44805

For Defendant-Appellant:

CHRISTOPHER BAZELEY
9200 MONTGOMERY ROAD, SUITE 8A
CINCINNATI, OHIO 45242

*Delaney, P.J.*

{¶1} Appellant Ashley Delaney appeals from the April 16, 2024 Entry of conviction and sentence of the Ashland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case originated in October 2022 when appellant drafted a letter, forged the signature of one Kimberly Eberhart (nka Cook), and submitted it to the Ohio Department of Job and Family Services. In the letter, Eberhart stated that she has sufficient financial assets which ultimately caused her to be disqualified from receiving her state medical benefits. Appellant is the girlfriend of Eberhart's ex-husband. The letter was apparently written out of spite and caused Eberhart to temporarily lose benefits during a period of time when Eberhart had a surgery scheduled causing it be delayed. Eberhart's two minor children also lost benefits.

{¶3} Eberhart reported the incident to the Ashland County Police Department and an investigation was conducted by the police.

{¶4} Ultimately Appellant entered pleas of guilty to one count of Forgery, a felony of the fifth degree pursuant to R.C. 2913.31(A)(1) and 2913.31(C)(1)(b) (Count 1); one court of Identity Fraud, a felony of the fifth degree pursuant to R.C. 2913.49(B)(2) and 2913.49(I)(2) (Count 2); and Attempted Tampering with Evidence, a felony of the fourth degree pursuant to R.C. 2923.02, 2913.42(A)(1) and 2913.42(B)(4) (Count 3).

{¶5} Appellant was sentenced to 120 days of local incarceration on each count to be served concurrently.

{¶6} Appellant now appeals from the trial court's sentencing entry of April 16, 2024.

{¶7} Appellant raises two assignments of error.

**ASSIGNMENTS OF ERROR**

**I**

{¶8} "THE TRIAL COURT ABUSED ITS DISCRECTION WHEN IT IMPOSED A CONDITION OF COMMUNITY CONTROL THAT DELANEY HAVE NO CONTACT WITH THE CHILDREN.

**II**

{¶9} "THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE DELANEY'S CONVICTIONS FOR SENTENCING PURPOSES."

**ANALYSIS**

**I**

{¶10} On October 15, 2024, Appellant filed a motion to withdraw the first assignment of error. This Court granted the motion and we will only address the second assignment of error.

**II**

{¶11} Appellant claims the trial court erred in failing to make a determination on the issue of allied offenses. Appellant concedes she did not raise the issue of merger before the trial court.

{¶12} An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible unless it affected the outcome of the proceedings and a reversal is necessary to correct a manifest

miscarriage of justice. *State v. Dickinson, Jr.,* 2024-Ohio-1487, ¶23. Accordingly, an accused has the burden to demonstrate a reasonable probability the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus. *Id.* Absent such a showing, the accused cannot demonstrate the trial court's failure to inquire whether the convictions merge for purposes of sentencing are plain error. *Id.*

{¶13} R.C. 2941.25 governs multiple counts and states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶14} The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offense charged. *State v. Hughes*, 2016-Ohio-880. The Supreme Court has directed that we ask three questions to determine whether a defendant's conduct supports multiple offenses: (1) were the offenses dissimilar in import or significance? (2) were they committed separately? and (3) were they committed with separate animus or motivation? An affirmative answer to any of the questions will

permit separate convictions. "The conduct, the animus, and the import must all be considered." *State v. Ruff,* 2015-Ohio-995. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. *Id.* at ¶26. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. *Id.*

{¶15} Appellant argues on appeal that Counts I (Forgery), II (Identity Fraud) and Count III (Attempted Tampering With Records) should have merged for purposes of sentencing because the offenses were committed with a single act – drafting a letter, forging Eberhart's signature and submitting it the Ohio Department or Family Services, and a single animus – to defraud Eberhart out her state benefits. Appellee contends Appellant committed three different acts: (1) drafting a false letter (Forgery), (2) writing Eberhart's signature (Identity Fraud); and (3) submitting said fraudulent letter with Eberhart's signature to a government agency (Attempted Tampering With Records). Appellee further contends there are two victims, Eberhart and the Ohio Department of Family Services, therefore the offenses do not merge.

{¶16} The record before us consists of the indictment and transcripts of the arraignment, bond, plea and sentencing hearings. In addition, the record has been supplemented with the Presentence Investigation and the Victim Impact Statements, filed under seal.

{¶17} Here, the record supports the Appellee's position the counts do not merge because the act of writing a false statement, the act of a writing another person's signature and then the act of sending the letter to a government agency are separate and distinct.

In addition, there is no dispute there are two victims in this case, Eberhart – who lost her benefits and suffered from Appellant's actions, and the Department of Family and Job Services – who acted upon receiving the letter and then had to conduct an official investigation into the matter once it was notified the letter was false. In fact, the Appellant pled guilty to an enhanced tampering with records charge under R.C. 2913.42 (B)(4) because the letter was "kept by or belonged to a local, state or federal governmental entity".

{¶18} Upon our de novo review, the trial court was not required to merge the offenses and the record does not reflect plain error.

## CONCLUSION

{¶19} Based on the foregoing, appellant's second assignment of error is overruled. The April 16, 2024 judgment of the Ashland County Court of Common Pleas is affirmed.


By: Delaney, P.J.,

Gwin, J. and

Wise, J., concur.