[Cite as *State v. Mullins*, 2026-Ohio-2399.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0119 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, |
| STERLING L. MULLINS, | Case No. CR2025-0490 |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  June 23, 2026 |

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Assistant Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; April F. Campbell, Dublin, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}** Defendant Sterling Mullins pled guilty to several criminal charges, including kidnapping, felonious assault, and strangulation.  He argues here that the kidnapping and felonious-assault charges should have been merged by the trial judge at sentencing, and he claims, too, that his prison sentence was contrary to law because the trial judge, according to Mullins, imposed an improper "package" sentence.  For the reasons explained below, we affirm the trial court's judgment.

**The Key Facts**

**{¶2}** Mullins was charged in a ten-count indictment following a violent altercation with the victim, S.M., with whom Mullins shares a child.  During that altercation, Mullins struck the victim's face, slammed her head into cabinets, strangled her, and hit her in the head with a lamp.  The resulting injuries to the victim were so severe

that she had to undergo facial-reconstruction surgery, had to relearn how to walk and talk, and was nearly unrecognizable due to swelling on her face.

{¶3} As part of a negotiated plea agreement, Mullins pled guilty to three felony and two misdemeanor charges. The State in exchange agreed to dismiss the remaining five counts in the indictment. In their written plea agreement, the parties agreed that the counts to which Mullins pled guilty "do not merge." Mullins's trial attorney stated at the plea-change hearing that the plea form was correct and that he had reviewed that form with Mullins before Mullins signed it.

{¶4} At the November 2025 sentencing hearing, Mullins's attorney answered "no" when the trial judge asked whether he wanted to present any argument regarding merger. The trial judge then imposed indefinite prison terms with minimum lengths of ten years on the F1 kidnapping charge, eight years on the F2 felonious-assault charge, and seven years on the F2 strangulation charge, plus concurrent jail terms on the misdemeanor charges. The trial judge ordered that Mullins serve the prison terms on the three felonies consecutively, resulting in an aggregate indefinite prison term with a minimum length of 25 years and a maximum length of 30 years. Mullins now appeals.

**Mullins's Plea-Agreement Stipulation Waived the Issue of Merger**

{¶5} Mullins contends in his first assignment of error that his kidnapping charge should have been merged with his felonious-assault charge before he was sentenced. But despite Mullins's assertion here that there was no agreement on merger, the written plea agreement that Mullins signed before his plea-change hearing shows that the parties did in fact stipulate that the charges in that agreement do not merge. Mullins has therefore waived the issue of merger.

**{¶6}** An appellate court reviews with fresh eyes a trial court's ruling on whether offenses merge under R.C. 2941.25. *State v. Williams*, 2012-Ohio-5699, ¶ 28. That statute provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment . . . may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "At the heart of R.C. 2941.25 is the judicial doctrine of merger" which "'prohibits multiple punishments for the same offense.'" *Williams* at ¶ 13, quoting *State v. Underwood*, 2010-Ohio-1, ¶ 23.

**{¶7}** When there is no agreement between the parties on the issue of merger, a trial court is obligated under R.C. 2941.25 "to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Underwood* at ¶ 29. A defendant is permitted, though, to "expressly waive the protection afforded by R.C. 2941.25." *State v. Rogers*, 2015-Ohio-2459, ¶ 20. "Waiver" has been defined as the voluntary relinquishment of a known right. *State ex rel. Wallace v. State Med. Bd. of Ohio*, 89 Ohio St.3d 431, 435 (2000). The trial court is not required to determine whether offenses must be merged where the parties agree that the answer is no. *State v. Haser*, 2021-Ohio-460, ¶ 28 (5th Dist.).

**{¶8}** Time and again, we have explained that "the issue of allied offenses is waived when the plea agreement contains a stipulation that the offenses do not merge." *State v. Dickinson*, 2024-Ohio-1487, ¶ 14 (5th Dist.). *See also Haser* at ¶ 28-29 (where the parties "had an agreement the offenses would not merge," and where the defendant "received the benefit of the bargain" struck in the plea agreement, "the issue of allied offenses is waived"); *State v. McConnell*, 2022-Ohio-2902, ¶ 10 (5th Dist.) ("We find

appellant waived the issue of allied offenses by stipulating that the offenses do not merge in his plea agreement and during the change of plea hearing").

**{¶9}**  Mullins's kidnapping and felonious-assault charges were addressed in the parties' plea agreement.  Under that agreement, Mullins pled guilty to five out of the ten counts that were contained in the indictment — including the kidnapping charge and the felonious-assault charge — in exchange for the State's agreement to dismiss the remaining charges.

**{¶10}** Also contained in that written plea agreement was the following sentence: "The parties stipulate the counts herein do not merge."  Mullins's attorney informed the court at the September 2025 plea-change hearing that he had reviewed and explained the plea form to Mullins, that Mullins had signed the plea form in front of that attorney, and that the "plea forms [were] accurate."  And when that attorney was asked by the trial judge at the sentencing hearing several weeks later whether he wanted to offer "any argument of merger," Mullins's attorney said "no."

**{¶11}**  After a careful review of the record, we find that Mullins waived the merger issue when he agreed in writing at the plea-change hearing that the offenses do not merge and that he did so again at the sentencing hearing when he expressly declined to present a merger argument.

**{¶12}** Mullins's first assignment of error is overruled.

## Mullins's Prison Sentence is Not Contrary to Law

**{¶13}** In his second assignment of error, Mullins argues that the trial court imposed a prison sentence that was contrary to law.  The trial court, according to Mullins, improperly engaged in "package sentencing" when determining how long Mullins's prison term should last.

**{¶14}** After considering both the actual prison sentence that Mullins received and the context of the trial judge's comment on which Mullins now focuses, we find that Mullins's sentence was not contrary to Ohio law.

**{¶15}** We are empowered to undo a felony sentence if we find, by clear and convincing evidence, that the sentence is "contrary to law." R.C. 2953.08(G)(2)(b).

**{¶16}** The Supreme Court of Ohio has explained that the "sentencing package doctrine" calls for federal district-court judges to "consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon*, 2006-Ohio-1245, ¶ 5. That doctrine, the Supreme Court tells us, does not apply to Ohio trial courts, where the Revised Code requires judges to consider each offense separately and to impose a separate sentence for each offense. *Id.* at ¶ 9 (an Ohio judge "lacks the authority to consider the offenses as a group" and is not permitted to impose an "omnibus sentence for the group of offenses"). Only after an Ohio trial judge has imposed a separate prison term for each offense may that judge then determine, at his or her discretion, whether the defendant should serve those prison terms concurrently or consecutively. *Id.*

**{¶17}** Here, Mullins contends that the trial judge impermissibly imposed one overarching prison term to cover all of the felony offenses to which he pled guilty. That claim rests not on anything that the judge said when he actually imposed the sentence and not on anything in the sentencing entry that followed. Instead, Mullins focuses on the judge's comment during the course of the sentencing hearing that he — the judge — was "just trying to decide how many decades" in prison to impose in the case. That comment followed a back-and-forth conversation between Mullins and the judge that fills nearly five pages in the sentencing-hearing transcript.

**{¶18}** When that conversation began, Mullins claimed that he took responsibility for his actions. The judge then asked Mullins, "what did you do?" In response, Mullins insisted that he had not struck the victim with a lamp, had never pulled her hair out, had not strangled her, had never kicked her, and had not kidnapped her. Mullins then said that he had only punched the victim and that he had done so only because she had attacked him with a broken lamp.

**{¶19}** When the judge asked some follow-up questions, Mullins acknowledged that he had hit the victim perhaps as many as seven times but said that he had struck her only in her face. The judge then pointed out that Mullins's assertions were contradicted by the hospital photos of the victim, which showed that she was covered in bruises on her arms, legs, and back and that her face was severely swollen. The judge then remarked that Mullins had not taken full responsibility for his actions, and the judge proceeded to recite some of the facts recounted in the pre-sentence report.

**{¶20}** Those facts included the following that the judge noted aloud: (1) the victim, who was covered in blood, ran to a neighbor's house saying that Mullins was trying to kill her; (2) chunks of her hair and blood were found throughout the house, (3) she had defecated on the kitchen floor while being strangled, (4) she could not be identified from her BMV photo because her face was so swollen; (5) Mullins had slammed the victim's head into a countertop numerous times, (6) he had thrown her to the ground and kicked her, and (7) he had then climbed on top of her and begun strangling her.

**{¶21}** Next at the sentencing hearing, when the judge asked Mullins why he had stopped taking his medication, Mullins said that he had not had transportation to and from his appointments. The judge in turn noted that Mullins had told a probation officer

that he — Mullins — had stopped taking his medication because he did not like taking pills and was taught that taking pills made him weak.

{¶22} Finally, after noting that Mullins had requested a minimal sentence, the judge asked Mullins what sentence should be imposed on someone who had covered the mother of their child in bruises, had strangled her to the point of her losing consciousness and defecating herself, and had beaten her so badly that she needed facial-reconstruction surgery and had to relearn how to walk and talk. When Mullins responded that he did not know, the judge added, "because I'm just trying to decide how many decades" in prison were appropriate for him.

{¶23} While the comment was one best left unsaid, we conclude that Mullins was properly sentenced under Ohio law. Both the judge's oral pronouncement of Mullins's prison terms and the judgment entry memorializing that sentence show that Mullins received individual prison terms for each of the three felony charges.

{¶24} Each prison term fell within the appropriate statutory range set by R.C. 2929.14(A). And only after those prison terms were announced did the judge make the required consecutive-sentence findings prescribed by R.C. 2929.14(C)(4) to justify his decision to impose the prison terms consecutively. In addition, the judge noted on the record at the hearing that he had considered — among other things — the pre-sentence report, Mullins's family history and his relationship with the victim, Mullins's mental-health struggles, and Mullins's substance-use and criminal history. The judge then indicated in the sentencing entry that he had considered the purposes of felony sentencing, the seriousness of the offender's conduct, and the likelihood of recidivism, all of which trial judges in felony cases are required by R.C. 2929.11 and R.C. 2929.12 to consider.

{¶25} The sentence that Mullins received was therefore not contrary to law, and his second assignment of error is overruled.

{¶26} For these reasons, the judgment of the Court of Common Pleas of Muskingum County is affirmed.  Costs are to be paid by Appellant Sterling Mullins.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.